RAILROAD COMMISSION OF TEXAS,
et al., Appellants,

v.

AIRLINE VANS, Appellee.

No. 10329.

Court of Civil Appeals of Texas.

Austin.

April 18, 1956.

Rehearing Denied May 9, 1956.

John Ben Shepperd, Atty. Gen., Mert Starnes, Asst. Atty. Gen., for Railroad Commission of Texas.

Phinney & Hallman, Dallas, for American Transfer and Storage Company et al.

Rawlings, Sayers, Scurlock & Eidson, Ft. Worth, for appellee.

ARCHER, Chief Justice.

This is an appeal by the Commission and a number of other companies, or corporations, which intervened as defendants, from a judgment setting aside and permanently enjoining the enforcement of an order of the Railroad Commission of Texas correcting a clerical error in Specialized Motor Carrier Certificate No. 7603 so that such certificate would conform to and reflect the authority granted in the order of the Railroad Commission of Texas from which such certificate stems.

The appeal is before this Court on five points, and are that the court erred in failing to hold that no greater grant of authority can be contained in a permit than is in the final order; in holding that the Commission had no jurisdiction to enter the order complained of; that the failure of the Commission to correct the certificate in its order of January 6, 1947 operated as an estoppel; in holding that the orders of the Commission since 1935 in connection with the certificate constituted ratification of the erroneous recitation of authority contained therein; and in holding that the clerical error in permit No. 13273 was cured by "Legislative grant of authority" and the issuance of certificate No. 5271.

By its order the Commission made the following findings:

"On this the 3rd day of August, 1935, the Railroad Commission of Texas took up for consideration the above styled application which was filed on the 23rd day of March, 1935, and, after due and legal notice of the time and place thereof had been given to the applicant, to all other interested parties and to the public generally, it was heard at the Baker Hotel in the City of Dallas, Texas, on the 19th day of June, 1935.

"The record shows that at this time the Yount-Hart Trucking Co., a private partnership, is operating a Special Commodity motor carrier service under Special Commodity Permit Number 12892 in transportation of livestock feedstuffs within a radius of forty miles of Fort Worth and livestock and household goods from Fort Worth to all points of Texas and from all points in Texas to Ft. Worth, * * * and using in said operation nine trucks.

"The object of the present application is not to enlarge the operation under Special Commodity Permit number 12892, but is for the purpose of allowing the present firm to incorporate its business and to operate the same service as is now authorized under said permit. Inasmuch as there is no increase, either in service, territory or equipment, the Commission is of the opinion that the application should be granted.

"Accordingly, It Is Ordered By The Railroad Commission Of Texas that the application of Yount-Hart Trucking Co., Incorporated, for a permit authorizing the operation of Special Commodity motor carrier service in the transportation of household goods and livestock from all points in Texas to Ft. Worth and from Ft. Worth to all points in Texas, and for the transportation of livestock feedstuffs from Ft. Worth to all points within a radius of forty miles thereof and from said points

to Ft. Worth, be, and the same is hereby, granted.

"It is further ordered by the Railroad Commission of Texas that permit number 12892, heretofore issued in the name of the above carrier on the 19th day of September, 1934, be, and the same is hereby, Cancelled effective as of this date."

Thereafter permit No. 13273 was issued as follows:

"Austin, Texas
"August 3, 1935

"Yount-Hart Trucking Company, Inc. of Ft. Worth, Texas, having complied with all the requirements of Chapter 314, Acts, Regular Session of the Forty-first Legislature, 1929, as amended at the Regular Called Session of the Forty-second Legislature, 1931, applicable to Special Contract Carriers and having declared an intention not to operate as a 'Common Carrier' or 'Contract Carrier' Motor Carrier, is entitled to and is hereby granted a permit to operate as a Special Commodity Carrier within the State of Texas and within the territory as follows:

"It Is Especially Understood And Agreed That This Permit Authorizes The Transportation Of The Following Commodities Only:

"*Livestock Feedstuffs*

. "To And From All Points Within An Area Of Forty Miles Of Fort Worth.

"*Livestock And Household Goods*

"To And From All Points In Texas."

The appellee takes the position that the Commission had no jurisdiction to enter the order of May 21, 1954 reforming SMC Certificate 7603 so as to authorize the transportation of household goods from Ft. Worth to all points in Texas and vice versa.

The order is:

"Ordered By The Railroad Commission Of Texas that SMC Certificate No. 7603 in the name of William (Jack) Stewart, Robert L. Pettit and Harry O. Pulliam, dba Airline Vans, successors in interest on that part of Special Commodity carrier permit number 13273, the various steps affecting this operation as set out hereinabove, authorizing the transportation of Household Goods, BE, and the same is hereby corrected, and that henceforth SMC Certificate 7603 will authorize the transportation of Household Goods from Ft. Worth to all points in Texas and from all points in Texas to Ft. Worth."

The appellee contends that the orders of the Commission since 1935 in connection with the certificate in question constitutes confirmation of the grant of State-wide authority and that the legislative grant of authority in SMC Certificate No. 5271 on August 9, 1941, cured the deficiencies in Permit 13273, and that finality must exist with respect to grants of authority by the Commission at some date, and that the permit was controlling herein.

It was stipulated that:

"As a result of the enactment of the Specialized Motor Carrier Law, Chapter 314 [Acts 41st. Leg., 1929], Acts Regular Session Forty-Seventh Legislature, 1941 [c. 442] (Art. 911b, Sec. 5a (b)), Yount-Hart Trucking Co., Inc. applied for a 'Grandfather' certificate, as is shown by Exhibit 5X, attached hereto, and was granted a 'Grandfather' certificate, being Specialized Motor Carrier Certificate No. 5271, as is shown by Exhibit 5, attached hereto."

Exhibit 5X is the application filed by Yount-Hart Trucking Company on July 16, 1941 for a Specialized Motor Carrier certificate, under Grandfather Clause, original permit dated June 16, 1933, and sets out number of trucks and equipment owned, etc.

Exhibit 5, in part, is as follows:

"Austin, Texas,
"Aug. 9, 1941

"In accordance with the decision and order of the Railroad Commission of

Texas, in its Specialized Motor Carrier Certificate of Convenience and Necessity, Docket No. SMC–5271, and in accordance with the Laws of Texas, including the provisions of Chapter 314, Acts, Regular Session of the Forty-first Legislature, 1929, as amended at the Regular Session of the Forty-second Legislature, 1931, as amended at the Regular Session of the Forty-seventh Legislature, 1941, and as otherwise amended,

"This Certifies that the public convenience and necessity require such operation and permission is hereby granted to:

Yount-Hart Trucking Co. Inc.
_____
(Names or name of carrier)

whose principal address is Fort Worth, Texas, to operate a specialized motor carrier service, as follows, within the State of Texas:

"It Is Especially Understood And Agreed That This Combination Order And Certificate Authorizes The Transportation Of The Following Commodities Only:

\*    \*    \*    \*    \*    \*

"Livestock And Household Goods to and from all points in Texas, * * *."

It was stipulated that:

"On January 22, 1947, the Railroad Commission issued to plaintiff Specialized Motor Carrier Certificate No. 7603, shown on Exhibit 1, attached hereto."

Exhibit 1, in part, is as follows:

"Austin, Texas, Jan. 22, 1947

"In accordance with the decision and order of the Railroad Commission of Texas, in its Specialized Motor Carrier Certificate of Convenience and Necessity, Docket No. S–1238, and in accordance with the Laws of Texas, including the provisions of Chapter 314, Acts, Regular Session of the Forty-First Legislature, 1929, as amended at the

Regular Session of the Forty-Second Legislature, 1931, as amended at the Regular Session of the Forty-Seventh Legislature, 1941, and as otherwise amended.

"This Certifies that the public convenience and necessity require such operation and permission is hereby granted to William Jack Stewart, Robert L. Pettit, & Harry O. Pulliam, DBA Airline Vans, whose principal address is Dallas, Texas, to operate a specialized motor carrier service, as follows, within the State of Texas:

"To Transport:
"Household Goods to and from all points in Texas."

We believe that the legislative grant of authority in SMC Certificate 5271 on August 9, 1941, cured the deficiencies, if any, in Special Commodity Permit 13273, and that the findings and conclusions of law of the trial court are justified.

The trial court made extensive findings of fact and concluded as a matter of law that the Commission had no discretion with respect to the grant of "grandfather" authority under the 1941 law, but such constituted a legislative grant of authority.

The Legislature in 1941 enacted H.B.No. 351, Ch. 442, as an amendment to Art. 911b, and by Sec. 5a(b), which reads in part:

"*  *  * provided further that any person to whom a 'Special Commodity' permit for the transportation of any or all of said commodities had been issued under the provisions of Section 6, paragraph (d), Article 911b, Title 25, Revised Civil Statutes of the State of Texas, 1925, as amended, if such 'Special Commodity' permit shall have been in force and effect on January 1, 1941, and if such person or predecessor in interest may desire to continue in the business of a motor carrier of such commodity or commodities shall file an application for a certificate of convenience and necessity under the terms of this Act within sixty (60) days after the effective date hereof, it shall be the

duty of the Commission to issue without further proof a certificate authorizing the operation as a 'Specialized Motor Carrier' for the transportation of such commodity or commodities covered by the 'Special Commodity' permit held by the applicant, which 'Specialized Motor Carrier' certificate shall be issued to the applicant and include all the rights and privileges granted under said 'Special Commodity' permit."

In Texas & Pacific Railway Co. v. Railroad Commission, Tex.Civ.App., 138 S.W. 2d 927, this Court had occasion to consider the granting of a Special Commodity Permit. Our Supreme Court granted a writ in this case and in 138 Tex. 148, 157 S.W.2d 622, discussed fully the appropriate statutes and held that the Act of 1941 ended all old permits of the class here involved and to substitute new certificates where old permits were being operated. The Court further held that it was a reasonable legislative finding of convenience and necessity as applied to old permits being operated and which were authorized to be issued as a basis for new certificates and that the Legislature has such power and we believe this case to be controlling on the instant case.

The trial court found and we believe correctly so, that the permit holder was engaged in the transportation of household goods to some degree at any rate from 1933 until 1942. The exact amount of such tonnage or loads was not given but about 15 loads; that certain records had been destroyed by a flood in 1942.

The Commission in its order of November 15, 1946, found that there was no proof that the old permit was not being operated and assumed that certificate No. 5271 was a valid operating right and was then being operated and subject to division and sale and transfer.

We believe that since the Commission acted under the legislative grant of authority under the Act of 1941 in granting Permit No. 5271, that such permit became valid and binding on the Commission and it was without jurisdiction to review and set aside or annul such permit.

The judgment of the trial court is affirmed.

HUGHES, Justice.

I respectfully dissent. I do not believe that a Permit of the nature involved can have any existence apart from the order upon which it is based. There may be a paper which purports to be a Permit but unless issued under and in accordance with an order of the Commission it is not a Permit.

I also believe that subd. (b), Sec. 5a, Art. 911b, V.A.C.S., wherein it is provided:

"* * * that any person to whom a 'Special Commodity' permit for the transportation of any or all of said commodities had been issued under the provisions of Section 6, paragraph (d), Article 911b, Title 25, Revised Civil Statutes of the State of Texas, 1925, as amended, * * *."

means a person to whom a Permit has been issued in accordance with a prior order of the Commission.

It is undisputed here that no order of the Commission, valid or invalid, has ever been made authorizing the issuance of a Permit containing the authority claimed by appellee and that such purported authority in the Permit was the result of clerical error.

It is well settled that the Commission acts in a quasi-judicial capacity. Corzelius v. Harrell, 143 Tex. 509, 186 S.W.2d 961. A court has authority to make its records speak the truth. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040. The Commission should have the same power. The ends of justice are not served by predicating valuable rights upon mistake in the absence of equitable grounds creating an estoppel. There can be no estoppel in this case. Weatherly v. Jackson, 123 Tex. 213, 71 S. W.2d 259.