RAILROAD COMMISSION OF TEXAS
et al., Appellants,

v.

ALAMO EXPRESS, Inc., et al., Appellees
(two cases).

Nos. 10433, 10434.

Court of Civil Appeals of Texas.

Austin.

Dec. 12, 1956.

Rehearing Denied Feb. 20, 1957.

John Ben Shepperd, Atty. Gen., Mert Starnes, Asst. Atty. Gen., Joe G. Fender, Houston, for appellant.

Smith & Steakley, Phillip Robinson, Austin, for appellee.

GRAY, Justice.

These are companion cases to our cause No. 10,431, Alamo Express, Inc., v. Union City Transfer, Tex.Civ.App., 298 S. W.2d 914. In the trial court the three causes were consolidated for trial and were so tried.

In the trial court appellants in our cause No. 10,431, supra were plaintiffs and sued the Railroad Commission of Texas and various named specialized motor carriers to cancel certificates issued by the Commission to said specialized motor carriers. From a judgment cancelling said certificates the Commission and various specialized motor carriers have appealed.

Appellees are regular route common carrier motor carriers.

Prior to all times material here appellants were the owners and operators of specialized motor carrier certificates issued to them by the Commission and for reasons stated in our opinion in cause No. 10,431, supra, they filed their applications with the Commission to amend said certificates. These applications were processed, assigned to an examiner and notices to interested parties were duly issued.

At the hearing before the examiner appellants moved that the record of testimony heard on the applications of Alamo Express, Inc. et al. be adopted as a part of the record and it was so adopted. This was at a time subsequent to the making of the record as adopted.

Appellants' applications were sufficient to invoke the jurisdiction of the Commission and the same were set down for hearing. The parties, including appellees, appeared and at the hearing the above mentioned record was adopted.

Whether the Commission heard sufficient evidence to sustain its order is not material but the question is: Was there then existing evidence sufficient to sustain the order? This is a matter usually determined on the contest of the order in a trial de novo in the district court. Cook Drilling Co. v. Gulf Oil Corporation, 139 Tex. 80, 161 S.W.2d 1035. It is the judicial factual review that is essential to the constitutional issue of due process. Miller v. Tarry, Tex.Civ.App., 191 S.W. 2d 501. Er. ref., n.r.e. As noted supra this factual review was had. Cause No. 10,431, supra.

The orders of the Commission granting the applications are similar and the portion of the orders material here is:

"The Commission finds from its record that on May 13, 1954, it entered an order in which it made certain findings in the proceedings of Union City Transfer, Docket 5307, et al., and the Commission further finds that the ap-

plicants herein introduced evidence at the hearings and moved to adopt all relevant testimony and the relevant findings in the Union City Transfer, et al., dockets, which motion is granted by the Commission. The Commission made findings of fact concerning the inadequacy of the existing services and the need for the proposed service in the Union City Transfer dockets, and incorporates those findings of fact and all grants of authority and restrictions made therein into this order as though set out herein in detail. The Commission finds that the existing service in the territory is inadequate, and that there exists a public necessity for the proposed service."

Sec. 5a(d) of Art. 911b, Vernon's Ann. Civ.St., in part, provides:

"The order of the Commission granting said application and the certificate issued thereunder shall be void unless the Commission shall set forth in its order full and complete findings of fact pointing out in detail the inadequacies of the services and facilities of the existing carriers, and the public need for the proposed service."

 The above statutory provision is mandatory and "compliance with its requirements by the Commission is necessary to the validity of its orders." Thompson v. Railroad Commission, 150 Tex. 307, 240 S.W.2d 759, 761.

Appellants do not argue that the above orders make detailed findings as to the inadequacies of existing service and the public need for the proposed services but they say that because the Commission adopted its findings made in another proceeding the orders are sufficient.

 The statute prescribes necessary prerequisites for the validity of the Commission's order and clearly states that if these prerequisites are absent that the order is void. Thus the statute prescribes the

method for the exercise of the power of the Commission to ·issue a certificate. This method being prescribed by the statute all others are excluded. Smith v. Paschal, Tex.Com.App., 1 S.W.2d 1086, citing Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104.

 It is our opinion that the orders of the Commission must be held void. The judgment of the trial court is affirmed.

Affirmed.