No. 859

PENNA. RD. CO. v. PUBLIC UTIL. COMM.

Nos. 20007-20008. Supreme Court

Petition in error. Dock. July 26, 1926; 4 Abs. 510.

1192. TRANSPORTATION (Motor)—May the Public Utilities Commission grant a certificate of convenience and necessity for the operation of a motor transportation company over "all passable roads, streets, and highways in the State of Ohio"?

The Public Utilities Commission granted to D. D. Moore and Harold Bowewr a certificate of convenience and necessity thereby licensing the operation of motor transportation over all passable roads in Ohio. The Pennsylvania Railroad Company in the upreme Court contends:

1. That the application for the certificate was not sufficient at law.

2. That the commission did not have jurisdiction to grant said certificate.

3. That a map was not incorporated in the application.

4. That the present freight facilities are adequate.

5. The finding of the commission was not supported by the evidence.

Attorneys—Henderson & Burr and S. B. Randall for Company; C. C. Crabbe and J. W. Bricker for Commission; all of Columbus.

---

No. 860

BENNETT BROS. v. PUB. UTIL. COMM.

No. 19992. Supreme Court

Petition in error. Dock. July 20, 1926; 4 Abs. 510.

973. PUBLIC UTILITIES COMMISSION— May the Commission, pursuant to a hearing on an application for a certificate of public convenience and necessity, where evidence is introduced of public convenience and necessity, find as a matter of law that the applicant is not entitled to said certificate?

Bennett Brothers, a partnership, filed an application with the Public Utilities Commission for a certificate of public necessity and convenience over two routes. The certificate was granted for one of the routes and denied for the other on the theory that the commission has no jurisdiction over the operation of transportation lines through incorporated territory.

The decision was based on 112 OS. 699, the commission stating that there was no evidence to support a change in transportation facilities in said territory since the above case was denied.

Bennett Brothers in the Supreme Court contend:

1. That the case cited had no application to the circumstances under consideration.

2. That the commission did not consider the evidence produced and had no authority to make such a finding.

Attorneys—E. J. Shover for Bennett Bros.; C. C. Crabbe and J. W. Bricker for Commission; all of Columbus.

---

No. 861

TOLEDO (City) v. DETROIT FID. & SUR. CO.

No. 19995. Supreme Court

On motion to certify. Dock July 20, 1926; 4 Abs. 510.

1139. SURETY BONDS—Where a surety company has executed a bond for the performance of a contract by a contractor for public work and upon default of the contractor the city completes the work and thereafter funds remain in its possession which were not expended for said work, may the surety company recover this amount, after paying the amount called for by the band?

This action was brought originally in the Lucas Common Pleas by Detroit Fidelity & Surety Company against the city of Toledo in an effort to recover about $4300, in the possession of the city which amount remained after the construction of a water line completed by the city after the default of the contractor and the payment of the surety bond. The balance of the amount unexpended was paid to the contractor's assignee.

The judgment of the Common Pleas in directing a verdict for the Company was affirmed by the Court of Appeals.

The city in the Supreme Court contends:

That the case 114 OS. 323 does not apply in the present action because in the instant case the city completed the work and in the case cited the contract was complied with by the surety company.

Attorneys—Smith, Baker, Effler & Eastman for City; Denman & Wall for Company; all of Toledo.