Allen, J.
 

 The result of the commission’s order is to give the Ohio Transit Company the right to put on 12 new busses for the purpose
 
 of
 
 operating-new schedules, to provide for through service from Columbus to Pomeroy not previously rendered, and to allow 8 round trips per day between Lancaster and Athens in addition to those which had been formerly operated by the applicant. Are these orders unreasonable and unlawful? The right to put on additional equipment and to operate new schedules between Columbus and Lancaster has been discussed in the case of
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission, ante,
 
 358, 154 N. E., 320, this day decided, and the order of the Public Utilities Commission permitting the additional equipment and the operation of the new schedules between those particular points has been reversed. An application was made for through service from Columbus to Pomeroy in this case and for the right to consolidate the schedules. Through service between Columbus and Pomeroy is indeed desirable, public necessity is shown therefor, and that part of the order which provides for
 
 *389
 
 ■the consolidation of the present schedules to eliminate waits between busses is neither unreasonable nor unlawful. We fail, however, to see why the desire to give a through service between Columbus and Pomeroy should necessitate an increase of 8 round trips between Lancaster and Athens per day, when that service is at present half-hourly. The service between Columbus and Lancaster is hourly, the service between Athens and Pomeroy is once every two hours, and it is not necessary to add 8 found trips between Lancaster and Athens in order to consolidate these schedules.
 

 It is to be observed that certificate No. 40, which belongs to the applicant, authorizing service between Lancaster and Athens, was issued upon affidavit showing operation of one car previous to April 28, 1923. Permission has since been granted to increase this operation by one additional car. The record shows that no more than two busses were ever operated under certificate No. 40. The record also shows that six certificate holders, one of whom held certificate No. 40, operated a half-hourly service between Lancaster and Athens, which half-hourly service is still given, and the time table which they operated was a joint time table run by the six certificate holders under the trade name of the Red Star Bus Company.
 

 Daniels, the holder of certificate No. 40, and agent for the applicant herein, did until recently manage the twelve cars owned by the six certificate holders operating between Lancaster and Athens, but upon his own account and under certificate No. 40 he operated only two cars. This court has held in the case of
 
 Cincinnati Traction Co.
 
 v.
 
 Public
 
 
 *390
 

 Utilities Commission,
 
 112 Ohio St., 699, 148 N. E., 921, that a certificate holder who secures his certificate upon affidavit secures thereby the right that he was exercising upon April 28, 1923, and no greater right. The right which the applicant was exercising under certificate No. 40 on April 28, 1923, w;as limited to one car and to no greater number of cars. That right has now been properly increased to give permission to operate two cars under certificate No. 40, and all of the other certificate holders were granted the same increase. Yet the order of the commission permits the applicant to operate twelve ears and to give six times as much service between Lancaster and Athens as this particular certificate, No. 40, had theretofore authorized, and does not give a similar increase to the other five certificate holders along this route.
 

 The record shows that the predecessors of the Central Ohio Transit Company were authorized by certificate secured by affidavit to operate ten cars between Lancaster and Athens. They were at the date of this application an existing motorbus company operating over the same route, their rights having been acquired contemporaneously with those given under certificate No. 40. The commission found that the Central Ohio Transit Company, the successor of the operators of the ten cars, did not give convenient and necessary service, but gave it no reasonable time, as provided in Section 614-87, General Code, to furnish such service before granting an extension of the original route privileges to the holder of certificate No. 40.
 

 It may indeed be questioned whether the commission was justified in its holding upon the facts, for
 
 *391
 
 much of the evidence in the record was to the effect that the Ohio Transit Company itself had failed in giving adequate service, and much of the evidence related only to crowded conditions at particular week-ends or at holidays. A check of the books of the Central Ohio Transit Company showed that only a third of the seats of that company were occupied on an average during the period in question. We do not, however, reverse the commission’s order upon the weight of the evidence, although this court in an error proceeding prosecuted to an order of the Public Utilities Commission will review the- facts with the view of determining whether the commission has acted unreasonably and unlawfully
 
 (Cincinnati Traction Co.
 
 v.
 
 Public Utilities Commission,
 
 112 Ohio St., 699, 148 N. E., 921), but upon the proposition that the holders of five-sixths of the rights between Lancaster and Athens, rights granted contemporaneously with those of the holders of certificate No. 40, were entitled under the statute to be considered and to be given a chance to improve their service before an equivalent of their entire right to operate in terms of number of cars should be given to one of their competitors.
 

 It is claimed, however, by counsel for the commission, that that portion of the statute which provides for an opportunity to improve service relates only to initial applications for certificates and not to applications to change or extend service made under Section 614-93, General Code.
 

 The provision relating to opportunities to improve service is found in Section 614-87, and reads as follows:
 

 
 *392
 
 “On finding of the Public Utilities Commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate [is] canceled or a new one granted over the route mentioned in the finding and order of or hearing before the Public Utilities Commission.”
 

 It is true that this sentence is found in a section which in its entirety relates to new applications for a certificate of public convenience and necessity. Examining the statute further, however, we find that Section 614-91 reads in its last sentence as follows :
 

 “The applicant shall have the right, either before or after hearing or action by the commission to amend, modify, or alter such application by filing with the commission an amendment to such application or a supplemental application which shall in turn be considered by the commission and be governed in the same manner as is provided in case of an original application.”
 

 Section 614-93 authorizes any motor transportation company to “file a new application or supplement any former application” for the purpose of changing or extending its service.
 

 Now if the application herein is a new application it is governed by the provisions of Section 614-87,
 
 supra,
 
 as to opportunity to extend service. If it is a supplemental application, Section 614-91 requires that the commission be governed by the same rule in hearing the application as in the case of an
 
 *393
 
 original application. Hence, regardless of whether the applications in question constitute new or supplemental applications, the statute requires that an opportunity be given under Section 614-87 to the Central Ohio Transit Company to improve its service before a new certificate be granted to the Ohio Transit Company, investing it with new rights and privileges over the route in question.
 

 The order of the Public Utilities Commission granting the Ohio Transit Company an extension in service between Columbus and Lancaster has been reversed in the case of the
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission, ante,
 
 358, 154 N. E., 320, this day decided. That part of the order which relates to the application to add equipment between Lancaster and Athens is reversed; that part of the order establishing a time schedule, which provides for additional service between Lancaster and Athens in accordance with the copies attached to the application, is reversed; and the case is remanded to the Public Utilities Commission, with instructions to enter an order establishing a through tariff and time schedule between Columbus, Lancaster and Pomeroy, allowing for hourly service between Columbus and Lancaster, two-hourly service between Athens and Pomeroy, and the same service by the Ohio Transit Company between Lancaster and Athens as was being operated by that company at the date of the hearing herein.
 

 Order reversed.
 

 Marshall, C. J., Matthias, Day, Kinkade and Robinson, JJ., concur.