By the Court.
 

 This is an error proceeding, prosecuted by the Columbus, Delaware & Marion Electric Company, to an order of the Public Utilities Commission of Ohio, granting to Wolfe & G-aulke, a partnership, a certificate of convenience and necessity to operate a motor transportation line between Marysville and Marion, Ohio, through Pharisburg, Magnetic Springs, Richwood, and a point near to Prospect,
 

 ■The record discloses that there is no direct common carrier service between Marion and Marysville, and no common carrier service of any kind between Richwood and Marysville through the intervening points described in the route. The public convenience and necessity for a motor transportation common carrier service between the latter points is clearly established by the evidence,
 
 *93
 
 and. as to that much of the route certificated to Wolfe
 
 &
 
 Gaulke the order of the Public Utilities Commission is affirmed.
 

 The record, however, discloses that one P. H. Perry is operating a motor transportation line between Eichwood and Prospect and that the plaintiff in error, the Columbus, Delaware & Marion Electric Company, is operating an interurban common carrier service between Prospect and Marion; that, in addition to the service of plaintiff in error, the Hocking Valley Eailway operates a common carrier service between Prospect and Marion; and that the service of the plaintiff in error is adequate between Prospect and Marion.
 

 No time schedule appears in the record of the operation of P. H. Perry between Prospect and Eichwood, although the record discloses the identification and introduction of such schedule. The attention of the commission and the bar is hereby called to the importance, upon review in this court, of a complete transcript of all the evidence offered before the commission and of all the evidence considered by the commission, together with all exhibits properly indexed, and of the aid it would be to this court to have with each record a legible map, not only of the route under consideration, but also of the territory it is proposed to serve, showing, all other common carrier service in such territory.
 

 The evidence discloses, however, by the oral testimony of witnesses, that the first bus that operates over the line out of Eichwood in the morning connects with the line of the plaintiff in error at Prospect at 8 o’clock a. m., and that the interurban car of plaintiff in error, with which
 
 *94
 
 such connection is made, arrives in Marion at 8:30 a. m. The record also discloses that a number of workmen residing in Richwood are employed in the factories at Marion, and that the factory hours at Marion begin at 7:30 a. m. It would seem, therefore, that the record would have warranted the commission in finding that the service between Richwood and Prospect was inadequate; but the commission made no such finding, and, had it so found, it would have been its duty, before granting an additional certificate over such route, and serving substantially the same territory, to have given the existing motor transportation company a reasonable time to make its service adequate.
 

 The order of the commission will be reversed as to that portion of the route between Marion and Prospect, and modified as to that portion of the route between Prospect and Richwood, so as to suspend the operation of the certificate of Wolf & G-aulke until such time as the commission shall determine whether the service of P. H. Perry is adequate, and, if not adequate, until a reasonable time shall be given him to make it adequate; and, in case it is made adequate, the commission is directed to arrange the schedule of Wolfe
 
 &
 
 G-aulke and P. H. Perry so as to make convenient connection and permit of continuous travel at Rich-wood and at Prospect, and deny the route of Wolfe & Gaulke between Richwood and Marion.
 

 Order reversed in part and affirmed in part.
 

 Marshall, G. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.