COOPER BUS CO. v. P. U. C.

Ohio Supreme Court.

No. 20534. Decided Oct. 19, 1927.

793a. MOTOR TRANSPORT—973. Public Utilities Commission — Overlapping certificates of convenience and necessity should not be granted.

Error to P. U. C.

Order modified.

Brown & Reed, Pomeroy, for plaintiff in error.

Edward C. Turner, attorney general, Albert M. Calland, Columbus, and F. W. Durbin, Lima, for defendant in error.

BY THE COURT.

H. W. Collins was the owner of a certificate of convenience and necessity under which he operated a bus line between Chillicothe and McArthur, Ohio. An application was made by him to the Public Utilities Commission for authority to extend said bus line from McArthur to Athens, by way of Albany.

The Cooper Bus Company has for some time been operating a bus line from Athens to Albany, and made application for authority to extend its bus line from Albany to McArthur. These applications were heard together.

The Commission granted the application of Collins with a restriction against carrying passengers whose whole ride is between Athens and Albany, the route covered by the Cooper Bus Company's certificate, and denied the application of the Cooper Bus Company for an extension of its line from Albany to McArthur.

The Baltimore & Ohio Railroad Company protested both applications, but withdrew its protest against the Cooper Bus Company, and later abandoned its protest against Collins, no application for a rehearing having been filed or steps taken to perfect error proceedings by that company. This proceeding in error is prosecuted by the Cooper Bus Company.

(Continued on page 703)

# PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879.

Issued Every Saturday      50 Weeks of the Year

## SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.........$15.00

Single Numbers ................................. .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

**PREMIUM.** On new subscriptions, when $12.00 is mailed us in advance, credit given for $15.00 and the whole year receipted for.

## RENEWALS

**RENEWALS,** per year, payable in advance (50 issues) $15.00.

**PREMIUM.** Subscribers who remit $12.00 cash with their renewal order, get credit for $15.00, (25 per cent more than the payment) thus reducing the price to them by $3.00.

**DELINQUENTS.** If advance remittance is not made, the Abstract is continued, at the full price ($1.25 per month) until notice to stop is given, and arrears paid.

## EXPIRATIONS

**NOTICES OF.** We send notices to subscribers, beginning four weeks in advance of the date to which their subscription is prepaid. Thus assuring them of ample knowledge in time to make renewals, and save the 20% we give to those who mail the money in advance.

**EXTENSIONS.** All overtime on expired subscriptions, that were not prepaid will be charged and billed to those who continue to receive the paper, at the full price of $1.25 per month, until payment and prepaid renewal are again made.

## DIGESTS AND PRICES

First, Second and Third, 1927 Quarterly Digests, (Nos. 14, 26 and 36 of Abstract) Free to all paid-up Abstract 1927 subscribers.

To non-subscribers to the Abstract $1.50 each. (Fourth not issued separately).

1927 Annual Digest, (Issued in December), No. 50 of Abstract, Free to all paid-up Abstract, 1927 Subscribers.

To non-subscribers to the Abstract, net $3.50.

1926-1927 Annual Digest, (two years in one), to be issued in December ............................$5.00

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.

Cleveland, O.

### STAFF

Jay F. Laning.......................Business Director

Sheldon R. Laning...................Editorial Director

Sam H. Torrey...................Circulation Manager

## THE ABSTRACT'S SUPERIORITY

We call attention to the Table of Cases, published as part of the October Digest, found in last week's Abstract, as this Table includes the Concordance it takes up much more space than it otherwise would, but it shows that in The Abstracts for the three months over 200 cases, over the average, were reported. When we state that most all of these appeared first and exclusively in this paper, and likely will not ever be reported elsewhere, the value of our reporting work and system becomes very apparent.

This number of cases is equivalent to more than two usual average sized volumes of official reports, where the opinions are clad in arguments, quotations and other injections which we dispense with by our epitomizing system, and thus discard the reporting tardiness that the lawyers and the judges otherwise have to endure.

This list shows that The Abstract will, in 1927, place before the bench and bar of the state, in abbreviated form, about 1000 current authorative cases, the use of which they would not have been served with, and probably never would otherwise be, were it not for our medium and method of giving them publicity.

---

(Continued from page 702)

In so far as the applicants, Collins and the Cooper Bus Company, sought to extend their respective routes so as to render service between McArthur and Albany, the granting of the one application and the refusal of the other was wholly a matter of discretion of the Public Utilities Commission, it appearing that each of the applicants is prepared to meet all requirements essential to the rendition of the proposed service. We are of the opinion, however, that the rule announced in the case of Columbus, Delaware & Marion Electric Co. v. Public Utilities Commission, 116 Ohio St., 92, should be applied, and that in cases such as presented the commission should not grant overlapping certificates.

The order of the commission is therefore modiled by so limiting the extension granted to Collins as to authorize him to operate said bus line only as far as Albany.

(Marshall, CJ., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating.)

---

## AN EXPLANATION.

Our attention has been called to the fact that the decision in the case of Peskind v. State, published in our last week's issue, has been overruled by the Supreme Court. We are well aware of this. This opinion was published, by resuest, to complete the record of this well known litigation. The complete history will be found in this week's Omnibus Index.