By the Court.
 

 Appellant was the holder of intrastate certificate of public convenience and necessity No. 990, issued by the Public Utilities Commission, authorizing the transportation of property over a regular route extending from Columbus to Brinkhaven
 
 via
 
 Westerville, Sunbury, Centerburg, Mt. Vernon, Millwood and Danville, with a branch south.to Gambier between Mt. Vernon and Millwood.
 

 He filed an application for an extension of the route to Nashville from Danville,
 
 via
 
 Edlam (Greer P. O.), and from Brinkhaven,
 
 via
 
 Glenmont, and the commission after a hearing granted the application and is
 
 *53
 
 sued an amended certificate authorizing transportation over the route as extended.
 

 Upon applications by two protestants operating under certificates of public convenience and necessity for the transportation of property over regular routes between Columbus and Cleveland, the commission granted a rehearing and issued a finding that “the applicant has shown a public convenience and necessity for additional service in the territory and along the routes of the proposed extension only and' that no showing of public convenience and necessity has been made for any new through service in connection with any carrier or carriers other than such carrier or carriers with whom the applicant is now legally qualified to render through service.”
 

 The commission thereupon modified and amended its former order granting an extension of route by inserting a restriction that “with the exception of shipments originating at or destined to points on said route and extension north and east of Mt. Vernon, the authority herein shall not permit nor authorize the establishment by the holder hereof of new through or joint service with any carrier or carriers (whether by combination of certificates or otherwise), other than with the carriers who are qualified, as of the date of this order, under certificates heretofore issued by this commission, to render joint or through service to and from points on the route set forth in said certificate No. 990.”
 

 An application for rehearing having been denied, the appellant prosecuted appeal to. this court and seeks to have the order of the commission modified by removing therefrom the restriction quoted. Appellant contends that he is entitled to an unrestricted certificate in order to interchange freight with another motor transportation company certificated to operate between Nashville and Cleveland. He seeks indirectly
 
 *54
 
 the right to transport property from Columbus to Cleveland or between two termini served by railroads and other certificated motor transportation companies.
 

 He maintains that since the right to interchange freight with a connecting carrier attaches to all certificates, without a showing of public convenience and necessity, both the finding and restriction have no place in the order of the commission.
 

 The appellant bases his claim for an unrestricted certificate or the right to interchange freight at Nashville upon Section 614-92a, General Code, which provides that the commission shall prescribe reasonable rules and regulations under which, when joint rates have been established, a motor transportation company may use and operate on its own route the equipment of any other such company for the movement of traffic without transfer. No joint rates having been established by the appellant with carriers operating between Nashville and Cleveland, that section has no bearing upon the present proceeding. He also argues that by the enactment of Section 614-93a, G-eneral Code, the Legislature changed the law as announced by this court in paragraph 6 of the syllabus of
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities
 
 Commission, 116 Ohio St., 80, 155 N. E., 694. We do not agree with appellant in his interpretation of the purpose of that enactment.
 

 It is to be borne in mind that this proceeding origihated with application for an extension of a route and that this court held in
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities
 
 Commission, 115 Ohio St., 358, 154 N. E., 320, that before an extension is granted the commission shall consider whether the public to be served has adequate transportation service, and in
 
 Central Ohio Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 383, 154 N. E., 323, it was held that an application for an extension'of a route should be considered by the commission and be governed in the
 
 *55
 
 same manner as is provided in case of an original application. See also
 
 Erie Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 710, 157 N. E., 382.
 

 Section 614-87, General Code, requires that the commission shall take into consideration other existing transportation facilities in the territory sought to be served and also expressly authorizes the commission to attach to the exercise of the 'rights granted by a certificate, “such terms and conditions as, in its judgment, the public convenience and necessity may require.”
 

 At the hearing before the Public Utilities Commission the evidence produced by the applicant established the necessity for additional service only along the routes from Columbus to Nashville,
 
 via
 
 Danville and Brinkhaven. Appellant disclaimed any intention of showing public convenience and necessity for or an intention to operate additional through service between Columbus and Cleveland and admitted that such additional service would be in competition with existing common carriers operating between those points, that there is no demand for such additional service, and that he had no knowledge that existing service between Cleveland and Columbus is inadequate.
 

 The amended and modified order of the commission restricting its original order granting the extension is not unlawful or unreasonable.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.