RAILROAD COMMISSION OF TEXAS ET AL v. L. S. JACKSON D.B.A. HUB MOTOR LINES ET AL.

No. A-6027. Decided February 6, 1957.
Rehearing Overruled March 20, 1957.
(299 S.W. 2d Series 266)

34

*John Ben Shepperd*, Attorney General, *Gordon Thrall*, Assistant Attorney General, for the Railroad Commission of Texas, *Grady L. Fox*, of Amarillo, *Small, Small and Craig* and *C. C. Small, Jr.*, all of Austin, for Curry Motor Freight Lines, petitioners.

*Benson & Howard* and *W. D. Benson, Jr.*, of Lubbock, *Looney, Clerk & Moorehead, Thomas E. James* and *Charles D. Matthews*, all of Austin, for respondents.

MR. JUSTICE NORVELL delivered the opinion of the court.

By the transfer of a certificate of public convenience and necessity from Hub Motor Lines to Lang Transit Company, the latter would be enabled to operate a through line from Amarillo to Lubbock by way of Olton. The Railroad Commission refused to approve the transfer reciting in its order that:

"* * * The Commission finds from the evidence and from its records that the acquisition of this authority by Lang Transit Co., together with recent authority granted to that Company by the Commission to operate from Lubbock to Olton, would result in a new through service from Lubbock to Amarillo with no showing of convenience and necessity. The Commission is of the opinion that said transfer is not best for the public interest * * *."

The Court of Civil Appeals in affirming a judgment of the district court setting aside this order held that public convenience and necessity as such was not involved in a sale and transfer of a certificate under Section 5 of Article 911b, Vernon's Texas Civ. Stats. Railroad Commission of Texas et al v. L. S. Jackson d/b/a Hub Motor Lines et al., 293 S.W. 2d 87. Writ of error was granted upon assignments attacking this holding.

Further consideration has convinced us as to the correctness of our tentative opinion, and the judgments of the courts below will be accordingly reversed and judgment here rendered sustaining the order of the Railroad Commission.

While as the usual thing, the transfer of a certificate from one carrier to another does not involve the issue of public convenience or necessity, this is not the case when the transfer would result in the creation or establishment of a new service concerning which there has never been a finding of public convenience and necessity. The facts of this case place it within the exception.

In November of 1946 L. S. Jackson and C. R. Givens operating as Hub Motor Lines acquired Certificate No. 3469 which authorized them to operate from Amarillo to Lubbock by way of Hart, Olton, Sudan, Amherst, Littlefield, Anton and Shallowater. In July of 1947 Givens withdrew from the firm and with the approval of the Railroad Commission, the authorization above mentioned was divided into two certificates; Jackson taking Certificate No. 3469 which was limited to operations from Amarillo to Littlefield by the route named, while Givens received Certificate No. 2686 which authorized him to operate between Littlefield and Lubbock. The order of the Commission recited that the division was not against the public interest and that a more satisfactory service could be maintained after the separation. Thereafter the movement of through freight from Amarillo to Lubbock over the Jackson and Givens lines was by interchange at Littlefield.

On March 19, 1955 Givens and his then partner, C. M. Lang, who were the owners of Certificate No. 2686 (Littlefield to Lubbock) contracted to purchase Certificate No. 3469 (Amarillo to Littlefield) from Jackson, but before application for approval was filed with the Railroad Commission, Givens and Lang requested a new certificate allowing them to operate between Lubbock and Olton by way of Anton. This application was approved after a hearing held on May 10, 1955 and Certificate No. 3588 issued. Thereafter on May 26, 1955 Givens and Lang made application for approval of the purchase of Certificate No. 3469 (Amarillo to Littlefield) which was disapproved by the Commission as above noted.

■ In our opinion the Commission's finding that the granting of approval of the proposed sale of Certificate No. 3469 from Jackson (Hub Motor Lines) to Givens and Lang (Lang Transit

Company) would result in a new service from Amarillo to Lubbock is reasonably supported by substantial evidence.

There are three routes of travel between Amarillo and Lubbock which are here material. The shortest and most direct way between the two cities lies over U.S. Highway No. 87. It is approximately 120 miles in length and passes through the towns of Canyon, Happy, Tulia, Plainview, Hale Center and Abernathy. The route presently permitted by Certificates Nos. 3469 and 2686 lies west of U. S. Highway 87, and is approximately 172 miles in length. It passes through Olton but then turns in a westerly direction, making an approximate half circle to pass through Anton which is approximately south of Olton. It appears that the present operations between Amarillo and Lubbock and the towns along this route are largely confined to local as distinguished from through services and that little or no attempt has been made to secure or develop a through transportation business from Amarillo to Lubbock. However, by combining Certificate No. 3588 with Certificate No. 3469, a new route would be permitted and a motor carrier thereby enabled to eliminate the present circuitous route from Olton to Anton, by proceeding directly south to the town last mentioned and thence to Lubbock. This route is approximately 140 miles in length and a carrier making use of the same would be placed in a competitive position with the through carriers now operating over U. S. Highway No. 87.

■ As there has never been a finding of public convenience and necessity for a route from Amarillo to Lubbock via Olton and thence south to Anton, the Commission was acting within its authority in refusing to approve the proposed transfer of Certificate No. 3469 without a showing which would justify such finding. The theory underlying the statutes applicable to motor carriers is that the public interest is better served by regulated rather than by excessive or destructive competition and in determining the issue of public convenience and necessity requisite to the creation of a "new service" consideration must be given to the competitive effect upon presently operating carriers in the area and their continued ability to render effective public service. Texas & Pacific Ry. Co. v. Railroad Commission, Texas Civ. App., 138 S.W. 2d 927 (rev'd on other grounds), *138* Texas *148,* 157 S.W. 2d 622; cited with approval in Steele v. General Mills, 329 U.S. 433, 91 L. ed. 402, *67* Sup. Ct. *439;* Texas Motor Coaches v. Railroad Commission, Texas Civ. App., 41 S.W. 2d 1074, Id. Texas Civ. App., 59 S.W. 2d 923, affirmed 123 Texas 517, 73 S.W. 2d 511. As bearing upon this issue, the record

discloses that there are now six through carriers operating between Amarillo and Lubbock. Two of these are railroads while the remaining four are motor lines operating for the most part over U.S. Highway No. 87. One of the motor carriers, Curry Motor Freight Lines, Inc., intervened in this cause and produced evidence that the Amarillo-Lubbock operation constituted 35 per cent of its business; that on this route, Curry was operating at 75 to 80 per cent of capacity and that none of the three competing motor carriers was operating at full capacity; that the institution of a "new service," as proposed by Lang Transit Company, would impair the service Curry would be able to render to the public generally. Such evidence obviously supports the Commission's finding of no public convenience and necessity for the Olton-Anton route.

■ Respondents do not in fact contend here that a showing of public convenience and necessity has been made, but strongly urge that the Lang Transit Company's ownership of Certificate No. 3588, (Olton to Anton to Lubbock), is wholly immaterial to a proper disposition of this cause. It is said that as the services authorized under Certificates Nos. 3469 and 2686 were once combined, they can again be placed under one ownership; that the question of public convenience and necessity is not an element in determining the "public interest" as that term is used in Article 911b, Section 5, and that such construction is supported by repeated administrative rulings of the Commission itself. The authorities seem to establish the proposition that when no "new service" is established by the mere transfer of a permit, the issues before the Commission are those indicated by th Court of Civil Appeals, namely, good faith, adequate equipment, financial ability and willingness to abide with the law and the Commission's regulations. However, when the transfer will result in establishment of a substantially different service from that theretofore existing, we think the principle of the Red Arrow re-routing cases is applicable and that an issue of public convenience and necessity arises for the initial determination by the Commission. Railroad Commission v. Red Arrow Freight Lines, Texas Civ. App., 96 S.W. 2d 735, 738.

■ In the cited case, in which writ of error was refused, the court quoted the following statement from Central Ohio Transit Co. v. Public Utilities Commission, 115 Ohio St. 383, 154 N.E. 323 and expressly approved the same as a sound holding when applied to the Texas statutes, viz:

"An application to convert a local service, operated under

two separate certificates, into a through service, is in effect, an application for a certificate * * * to operate a new route, it being in effect an application to change one of the termini of each of the existing certificates and to convert two separate routes into one * * * and before an order can issue granting such through service, the Public Utilities Commission must find that the public convenience and necessity require such service."

See also Railroad Commission v. Red Arrow Freight Lines, Texas Civ. App., 167 S.W. 2d 249; Russell v. Calhoun, 51 Wyo. 448, 68 Pac. 2d 591.

■ Respondents by counterpoint in the Court of Civil Appeals asserted that the procedure followed by the Railroad Commission in passing upon their application, rendered the order void. It appears that such application came on for hearing before the Commission on Monday, August 15, 1955, with all three members present. From a stipulation of the parties it appears that the evidence adduced at the examiner's hearing was actually transcribed and placed upon the examiner's desk, but apparently he did not have this transcript with him when he made his report upon the application to the Commission. The motion for rehearing was overruled by the Commission in an order reciting that all questions of law and fact raised by such motion and the exceptions contained therein had been decided by the original order and that no new questions had been raised. While this order was signed by only two of the members thereof it purports to be the act of the Commission and we find no basis in the record for an inference that this action was taken without knowledge of or notice to the third member. We are of the opinion that no violation of Rule 50 of Rules of Procedure of the Motor Transportation Division of the Railroad Commission is disclosed. By the express provisions of Article 911b, Section 14(b) it is not essential, in the absence of an order requiring the same, that the Commission have before it the transcribed testimony adduced at a hearing before an examiner. Merchants Fast Motor Lines, Inc. v. Newman, Texas Civ. App., 236 S.W. 2d 646, wr. ref. n.r.e. No irregularity is disclosed which would avoid the order under this Court's holding in Webster v. Texas & Pacific Motor Transport Company, 140 Texas 131, 166 S.W. 2d 75.

The judgments of the courts below are reversed and judgment here rendered that respondents take nothing.

Opinion delivered February 6, 1957.

Rehearing overruled March 20, 1957.