**J. M. FALKNER, Banking Commissioner of Texas, Appellant,**

v.

**GIBRALTAR SAVINGS ASSOCIATION, Appellee.**

No. 10893.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied July 26, 1961.

Will Wilson, Atty. Gen., C. K. Richards, Asst. Atty. Gen., Black & Stayton, Austin, for appellant.

Monteith, Baring & Monteith, Houston, Graves, Dougherty, Gee & Hearon, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal by the Banking Commissioner, appellant herein, from a judgment of the District Court holding that an order entered by the Commissioner on July 10, 1958, denying Gibraltar Savings Association, appellee herein, its application to maintain the office of its association at 1201 Capitol Avenue, Houston, Texas, as not being reasonably supported by substantial evidence, was invalid, illegal, void and of no binding effect and setting aside such order and enjoining the Commissioner and his agents, temporarily pending final judgment, from enforcing the order of July 10, 1958 from imposing any sanctions upon appellee by reason of its maintenance and operation of the office at 1201 Capitol Avenue, except as to statutory powers of regulation.

Gibraltar Savings Association was organized in 1921 and has had a main office at 1201 Capitol Avenue. A number of branch associations were organized and operated.

On May 3, 1957, appellee notified appellant that it had purchased property at the intersection of Fannin Street and Hadley Avenue in Houston for the purpose of erecting a new home office building, and constructed such building at a cost

of two million dollars, and when it moved into the new office it contemplated that operations in its then present location would be retained for operation of a branch office and stated that the letter was an application for approval of the establishment of its principal office and branch office at the locations mentioned.

By letter dated May 29, 1957, appellee advised appellant that it was not pressing for a decision on its application for the 1201 Capitol Avenue branch, as it would not be opened until the completion of the new building.

On May 31, 1957, the Commissioner wrote appellee that the investigation with respect to the main office would be made in the near future and that the application for the 1201 Capitol Avenue branch would remain dormant.

On June 4, 1957, the Commissioner approved the proposed move of appellee's main office to the Fannin Street and Hadley Avenue location.

On March 7, 1958, the Commissioner wrote appellee that in connection with the application to operate its present location as a branch that it would be necessary for the appellant to be furnished with a copy of the resolution authorizing an application for approval to retain its present domicile as a branch after moving to the new location, and inquired if the branch was to be operated temporarily or permanently.

The resolution was submitted and stated that proposed branch office at 1201 Capitol Avenue must be operated on a permanent basis.

A hearing on the application was set for June 12, 1958. The hearing was had and on July 10, 1958, the order complained of was entered and is as follows:

"July 10, 1958
"Gibraltar Savings & Loan Association
"Houston 1, Texas
"Dear Sirs:
"This will refer to your application to maintain a branch office of your association at 1201 Capitol Avenue, Houston, Texas, after you have moved your principal office.

"In considering this application it is necessary to determine whether or not the convenience of the public would be promoted by the continuance of the branch. In view of the fact that at present there are three associations located within one block of your proposed branch, and the public will in our opinion be afforded ample and adequate service, such as is usually performed by savings and loan associations. Based on this conclusion after considerable deliberation, we regret to advise you that your application is declined.

"Yours very truly,
"s/ J. M. Falkner, Commissioner"

This suit was filed on August 8, 1958 in the 98th District Court. On November 29, 1960, appellee filed its motion for discovery and production of documents and reply was made thereto.

Pleas of intervention were filed by two other associations that their locations were within less than two blocks of the 1201 Capitol Avenue branch and that they each would be injuriously affected if appellee was allowed to open and operate its proposed branch.

On December 2, 1960, appellee caused to be issued subpoenas duces tecum to appellant, to produce certain books, papers and documents and to R. M. Benson, Supervisor, of the Building and Loan Section and individually for the purpose of taking depositions. A motion to quash the subpoenas was filed.

At the pretrial on December 7, 1960, the Court heard and considered (1) a plea to the jurisdiction and in abatement and special exceptions urged by appellant; (2) appellee's Motion to strike the pleas in intervention of two associations; (3) appellee's Motion for discovery and production of documents; (4) appellant's motion to

**474**

quash the subpoenas, and (5) appellee's Motion to consolidate the causes for joint trial, and entered a pretrial order on December 12, 1960, overruling the plea in abatement and to the jurisdiction of the Court and the special exceptions, appellee's Motion to strike interventions and granting in part and overruling in part appellee's Motion for discovery, overruling appellant's Motion to quash the subpoenas with certain qualifications, and overruled appellee's Motion to consolidate the causes for joint trial. This order was incorporated by reference in the final judgment dated January 18, 1961.

█ The appeal is based on eight points of error, the first is directed to the overruling of appellant's plea to the jurisdiction upon the ground that since there was no statutory provisions for an appeal from an order or ruling of the Commissioner denying appellee authority to operate a branch office the Court was without jurisdiction.

We overrule this point since this contention has been decided adversely to appellant's contention by the Supreme Court.

Brazosport Savings & Loan Ass'n v. American Savings & Loan Ass'n, Tex., 342 S.W.2d 747, 749.

█ The second point is directed to error of the Trial Court in rendering judgment setting aside the order of July 10, 1958 denying appellee's application to maintain a branch office at 1201 Capitol Avenue, as not being reasonably supported by substantial evidence.

We sustain this point and reverse the judgment of the Trial Court.

It was necessary for applicant, appellant herein, to show by substantial evidence that there was a public convenience and advantage for the operation and maintenance of a branch at 1201 Capitol Avenue, and this, we believe, the association failed to do and we sustain the order of the Commissioner denying the application.

By Article 881a–2 the Commissioner is required, before granting an application to operate a Savings and Loan Association, to determine whether the public convenience and advantage will be promoted by allowing such association to open and operate.

In the Brazosport case, supra, our Supreme Court held that:

"The objects and business of savings and loan associations are matters of public utility. Although they are privately owned, they operate in the field of public interest like banks, insurance companies, and railroads, and are properly to be considered as quasi-public institutions. * * *

"If savings and loan associations were merely corporations engaging in private business, unaffected by the public interest, the state could not lawfully require a showing of public necessity or convenience. New State Ice Co. v. Liebman [Liebmann], 285 U.S. 262, 52 S.Ct. 371, 76 L.Ed. 747. A necessary corollary to this requirement and the regulation and control exercised by the state is freedom from illegal or unlawful competition. Such competition would be indirectly, if not directly inimical to the public welfare."

Subsection 3.3 Chapter 3, of the Rules and Regulations effective January 29, 1958, adopted by the Building and Loan Section of the Finance Commission of Texas, pursuant to which the order of July 10, 1958, was entered, provides in part as follows:

"3.3 No application to establish and maintain an additional office shall be approved unless the Commissioner shall affirmatively find from the evidence before him that:

* * * * * *

"(c) The functions and facilities proposed are adequate to serve the public convenience and advantage in the neighborhood proposed to be served

and the volume of business there is such as to indicate that a profitable operation is possible;

"(d) The proposed operation will not unduly injure any other association operating in the area of the proposed location;"

In Southwestern Savings & Loan Association of Houston v. Falkner, Tex.1960, 331 S.W.2d 917, 920 the Court stated as follows:

"It is undoubtedly the purpose of Article 881a–2 to protect against the evils of excessively zealous competition through control of the number of building and loan associations in a specified area.

" * * * But under our interpretation of Article 881a–2 the same basic standards are set for the approval or disapproval of applications to open branch offices as are set for the granting of an application for a charter in the first instance. The statutory standards of public convenience and advantage, and adequate .population to assume reasonable support, are sufficient statutory basis for the rules and regulations.

\* \* \* \* \* \*
" * * * and the rules and regulations of January 29, 1958 are not out of harmony with the requirements of Article 881a–2."

The prime issue in this case is whether the corner of Fannin Street and Hadley Avenue, the location of appellee's main office, and 1201 Capitol Avenue, the location of the proposed branch, are both in downtown Houston.

There is no question but that the central business district or downtown area as delineated by Mr. Ringer, a witness called by appellant, includes both the main office at Fannin and Hadley and the proposed branch at 1201 Capitol Avenue.

There are numbers of exhibits consisting of maps of the city and development plans and each indicate a rectangular area approximately thirteen blocks wide and twenty eight blocks long and each of the locations are within this area.

There was other testimony by both witnesses for the appellee and that of appellant showing the downtown area and the locations of the loan associations therein.

Had the Commissioner granted the permit for the 1201 Capitol Avenue branch, the association would have had the privilege of maintaining and operating two downtown locations and such would not have been equitable to the other associations operating therein and would have accorded appellee a competitive advantage.

As was testified by an expert on building and loan associations, the accessibility, and particularly in this area in Houston, is of the greatest competitive importance.

We believe that the action of the Commissioner in refusing the application for the 1201 Capitol Avenue branch is supported by substantial evidence as such would have resulted in a new association, which public convenience and necessity did not require.

Railroad Commission of Texas v. Jackson, 157 Tex. 32, 299 S.W.2d 266.

It was essential for appellee to apply for a permit to operate the branch and then necessary to meet all of the requirements as if applying for a new association.

The public interest is better served by regulated rather than by excessive or districtive competition and in determining the issue of public convenience and advantage, consideration must be given to competitive effect upon presently operating associations.

The existing facilities in and around 1201 Capitol Avenue at the times in question were adequate to meet the needs of the public as within a few blocks there

**476**

were seven building and loan offices ·of either the Fannin Street location or the Capitol Avenue branch.

■ The Court erred in granting appellee's Motion for discovery and production of documents and in overruling appellant's Motion to quash subpoenas duces tecum issued to appellant.

The Motion filed by appellee was under Rule 167, Texas Rules of Civil Procedure, and alleged that appellant was in possession of the report made by an investigator for the Commissioner, and that such report contains evidence material to the case, and further that the principal issue was whether or not there existed substantial evidence to support the order denying the application for the branch, and therefore the precise facts before the Commissioner when he acted were material to the determination of that issue.

The reason given by appellant for failing to make the information contained in the report available to appellee was that the matters contained therein were confidential and constituted privileged matter and not for public record or inspection under the provisions of Article 1136a–9, Vernon's Ann.Texas Penal Code, which provides that such reports are confidential and not for public record or inspection. Penalties are provided for violation and are fixed.

We have not found any cases construing Article 1136a–9 but we believe that investigation reports are confidential and not for public inspection by the very wording of the statute, reception and use of the record sought by appellee would violate this statute.

The Motion to quash was filed in accordance with Rule 177a, Texas Rules of Civil Procedure.

The judgment of the Trial Court is reversed and judgment rendered upholding the order of the Commissioner denying appellee the right to maintain and operate

the office at 1201 Capitol Avenue, Houston, Texas, and such order is reasonably supported by substantial evidence, and the injunctions are dissolved. The appellee, its officers, agents, servants and employees are enjoined from further operating the branch office at 1201 Capitol Avenue in Houston, Texas and from performing any of the acts authorized under Chapter 3 of the Rules and Regulations promulgated by Building and Loan Sections of the Finance Commission of Texas, effective January 29, 1958, as amended.

Our order dissolving the injunction granted by the Trial Court and our order granting a permanent injunction are suspended pending our action on a motion for rehearing, if one is filed, and if such motion is filed and overruled, for ten days thereafter; or until an application for writ of error to the Supreme Court is filed, whichever date is the earlier.