GREYHOUND LINES, INC., APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO, APPELLEE.
OHIO BUS LINES, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION
OF OHIO, APPELLEE.

(Nos. 40257 and 40258—Decided March 22, 1967.)

*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. James J. Hughes, Jr.,* for appellant in case No. 40257.

*Messrs. Brown & Gettler* and *Mr. Jonas B. Katz,* for appellant in case No. 40258.

*Mr. William B. Saxbe,* attorney general, *Mr. J. Philip Redick* and *Mr. Langdon D. Bell,* for appellee.

*Per Curiam.* The primary question raised by appellants is whether under Section 4921.10, Revised Code, they should have been given a reasonable time to provide the service in question before a new certificate was granted.

Section 4921.10, Revised Code, provides in part:

"On a finding by the commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission, such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is canceled or a new certificate granted over the route or for the territory mentioned in the finding and order of, or hearing before, the commission."

It is clear that this section applies if the new certificate relates to the same route or territory serviced by appellants. The facts reveal that the certificate in question does not cover an existing route but instead provides for a new transportation service over a new route. Neither of the appellants provides a direct service from Oxford to Columbus and neither is authorized to do so. Ohio Bus Lines under its certificate can provide service only from Oxford to Dayton, and Greyhound Lines only from Dayton to Columbus. It is only by virtue of the contract between appellants that passengers are not compelled to change buses at Dayton. Thus, the service now rendered by appellants is not direct but, due to their certificates, is by way of Dayton.

Appellant Greyhound Lines, Inc., contends that "there is no requirement that any one protestant serve the whole of the route or all of the termini before a 60-day order should issue." *Central Ohio Transit Co.* v. *Public Utilities Commission,* 115 Ohio St. 383, and *Columbus, Delaware & Marion Electric Co.* v. *Public Utilities Commission,* 116 Ohio St. 92, are cited for this proposition. However, those cases involved service along a single route, which, as is shown above, is not the case here.

190

Since the facts reveal that neither the same route nor the same territory is involved in this order, the quoted portion of Section 4921.10, Revised Code, is not applicable and no notice was required to be given to appellants. See, also, *D. G. & U. Truck Lines, Inc., v. Pub. Util. Comm.*, 4 Ohio St. 2d 113.

It must be kept in mind that "* * * the primary consideration in the granting of * * * certificates of convenience and necessity, is the best service to the public." *H. & K. Motor Transportation, Inc., v. Public Utilities Commission*, 135 Ohio St. 145, 153. The new service permitted by the certificate involved here obviously fulfills such a purpose, a better service to the public.

In cases such as this, it is not the province of this court to examine the evidence for the purpose of deciding if we would arrive at the same conclusion as did the commission, but only to see if evidence existed to support the finding of the commission. *Ohio Steel Foundry Co. v. Public Utilities Commission*, 164 Ohio St. 9.

We are satisfied that the commission's order is supported by the evidence, and that, therefore, the order is neither unreasonable nor unlawful. Such order is, therefore, affirmed.

*Order affirmed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert and Brown, JJ., concur.