**PERMIAN BASIN COACHES, INC., Appellant,**

v.

**RAILROAD COMMISSION OF TEXAS et al., Appellees.**

No. 12328.

Court of Civil Appeals of Texas, Austin.

Dec. 3, 1975.

Rehearing Denied Jan. 7, 1976.

William D. Lynch, Austin, for appellant.

John L. Hill, Atty. Gen., David Hughes, Asst. Atty. Gen., Michael B. Cotten and Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellees.

SHANNON, Justice.

Appellant, Permian Basin Coaches, Inc., filed suit in the district court of Travis County to set aside an order of the Railroad Commission of Texas, approving the motor bus application of Taos Transportation Company to operate in West Texas. Appellees are the Railroad Commission of Texas and Frank Bryan, Jr., doing business as Taos Transportation Company. In response to appellant's suit, the appellees filed a plea in abatement and general denial. The district court entered judgment sustaining the plea in abatement and dismissing appellant's lawsuit. We will affirm that judgment.

The transcript shows that before September 1, 1973, appellant was operating a motor bus company between Midland and Odessa, between Odessa and Presidio, and between McCamey and San Angelo. At appellant's request, the Railroad Commis-

sion placed appellant's certificates of convenience and necessity in voluntary suspension for a period of time commencing September 1, 1973, and expiring September 1, 1974. Thereafter, appellant again requested and the Commission again granted a further voluntary suspension for a period of time beginning September 1, 1974, and expiring one year thereafter on September 1, 1975. On October 16, 1974, appellant reinstated all of its certificates save one.

On June 20, 1974, Bryan applied to the Commission for authority to perform operations as a motor bus company in the same territory which appellant had served before it had gone into voluntary suspension. Notice of Bryan's application was published by the Commission in Transportation Division Notice of Hearing No. 7790, served June 26, 1974. The notice provided that the deadline for filing protests to the application was July 11, 1974.

No protests were filed with the Commission by July 11, 1974; as a result, Bryan's application was placed on the non-contested docket. On July 12, 1974, appellant's notice of protest was received by the Commission. Upon the basis that appellant's protest was not timely received, the Commission refused to take Bryan's application from the non-contested docket.

On July 17, 1974, Bryan's application was heard by an examiner on the Commission's regular, non-contested docket as provided by the Commission's Rules of Practice and Procedure. Bryan appeared at the hearing and presented evidence in support of his application. On October 10, 1974, appellant filed a motion with the Commission to re-open the hearing. On October 30, 1974, the Commission entered its final order granting Bryan's application. The Commission denied appellant's motion to re-open on November 12, 1974.

In its original petition, appellant pleaded, among other things, that it was authorized to appeal the order of the Commission to the district court of Travis County by virtue

of Tex.Rev.Civ.Stat.Ann. art. 911a, § 17 (1964). That statute provides in part, "If any such auto transportation company, association, corporation, or *other party at interest* be dissatisfied with any . . . order . . . adopted by the Commission, such dissatisfied . . . party may file a petition . . ." setting out its objections in the district court of Travis County. (Emphasis added)

In their plea in abatement appellees asserted two grounds for the abatement of appellant's suit: (1) that appellant had no standing to oppose the application before the Commission because at the time Bryan's applications were filed and at the time of the hearing on the non-contested docket, appellant was not conducting and was not authorized to conduct any operations under its certificates of convenience and necessity; and (2) that appellant had no standing to complain of the Commission's order because of its failure to file a timely protest as required by the Commission's Rules of Practice and Procedure.

As previously written, the district court entered judgment sustaining the plea in abatement and dismissing the suit.

■ The district court did not err in sustaining appellees' plea in abatement. Appellant had no standing to oppose the application because at the time Bryan's applications were filed and at the time of the hearing, appellant was not conducting and was not authorized to conduct any operations under its certificates of convenience and necessity.

Rule 10 of the Rules of Practice and Procedure for the Transportation Division of the Commission provides as follows:

"Any party in interest may appear in any proceeding before the Transportation Division. All appearances shall be subject to a motion to strike upon a showing that the party has no justiciable or administratively cognizable interest in the proceeding. As applied to proceedings under Article 911a and 911b of the Revised Civil Statutes of 1925 involving operating authority, a party in interest is any carrier operating over a route within that territory or serving any point proposed to be served by any applicant, and transporting any of the same class or classes of commodities or persons proposed to be transported by the applicant."

It is undisputed that at the time of Bryan's application and at the time of the agency hearing, appellant was neither operating over any route or serving any point, nor transporting any commodities or persons proposed to be transported by Bryan. This is true for the reason that at those times appellant was in voluntary suspension.

The disposition of this cause is controlled by *Lake Transport, Inc. v. Railroad Commission of Texas*, 505 S.W.2d 781 (Tex. 1974). That case involved an appeal by Lake Transport, Inc., the holder of an inactive contract carrier permit, from the order of the Commission to the district court of Travis County pursuant to Tex.Rev.Civ. Stat.Ann. art. 911b, § 20 (1964). The Commission's order had authorized the amendment of the existing specialized motor carrier certificate of another carrier. By sustaining a plea in abatement, the district court in that case, in effect, held that Lake Transport, Inc., had no standing to appeal the order of the Commission. In affirming the judgments of this Court and the district court, the Supreme Court reasoned:

"The underlying concept of common carriage is that of a transportation service bound to respond to the needs of the shipping public without discrimination or difference between shippers. The Railroad Commission of Texas, the statutory agency charged with regulating motor carriers using the public highways, decides whether the public convenience and necessity requires a proposed common carrier service. In doing so, consideration must be given to the competitive effect upon presently operating carriers in the area and their continued ability to render effective public service. *Railroad*

*Commission v. Jackson,* 157 Tex. 32, 299 S.W.2d 266 (1957). Accordingly, motor carriers performing an authorized existing service with which the proposed service will be competitive have the statutory right to appear and protest the granting of a new service on the ground that their service, and that of other existing carriers, is adequate, and hence the proposed service is not required by the public convenience and necessity. A carrier in this position also has a statutory right of appeal to the courts from an adverse order of the Commission. Sec. 20 of Art. 911b, *supra.* This concept, that interested parties in a proceeding involving motor carrier operating rights are 'carriers (that) operate over the routes and serve the points' in question, was recognized by this Court in *Brown Express, Inc. v. Railroad Commission,* 415 S.W.2d 394 (Tex.1967), citing *Railroad Commission of Texas v. Red Arrow Freight Lines,* 96 S.W.2d 735 (Tex.Civ.App.1936, writ ref'd). Necessarily, the right of appeal provided by the statute presupposes that an appealing carrier is authorized to perform, and is performing, the character of service authorized by the Commission; thus the appealing carrier is in a position to show not only that the new service will impair its existing service by the loss of sustaining revenues, but also by reason of the availability of the existing services, there is not a public need for the newly authorized service."

 Appellant states correctly that the appealing party in *Lake Transport, Inc. v. Railroad Commission of Texas, supra,* was a contract carrier and that the carrier's only contract had been canceled. Appellant also states correctly that the appealing party in *Lake Transport, Inc.,* had participated in the agency hearing. Because of these differences, appellant says that *Lake Transport, Inc.,* is neither applicable nor controlling in this appeal. We do not agree. As the Supreme Court stated in *Lake Transport, Inc.,* the right of appeal presupposes that the appealing carrier is performing the

service, and that the existing service will be impaired by the new service, and that there is no necessity for the proposed service because of the existing service. Because appellant had no existing service at all times material hereto, it could not contend that its existing service would be impaired by the proposed service or that there was no public necessity for the new service.

The judgment is affirmed.

Affirmed.